# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

EMMANUEL ONG,

      Plaintiff,

v.

THE FIRST LIBERTY
INSURANCE CORPORATION,

      Defendant.

Case No. 6:26-cv-348-JA-LHP

## ORDER

In this breach-of-contract action alleging a failure to pay benefits under a residential property insurance policy, Defendant has filed an unopposed motion to strike Plaintiff's request for attorney's fees from the Complaint. (Doc. 10).

Under Federal Rule of Civil Procedure 12(f), the Court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "While motions to strike are generally disfavored and should not be used to determine disputed questions of fact or disputed and substantial questions of law—particularly when there is no showing of prejudice to the movant—'a prayer for relief not available under the applicable law is properly subject to a motion to strike.'" *Leon v. Advanced Lending Sols. Co., LLC*, No. 24-21578-CIV, 2024 WL 4215670, at *3 (S.D. Fla. Aug. 5, 2024) (citations omitted).

The parties agree that in this action arising under a residential property insurance policy, attorney's fees are unavailable pursuant to Florida law.[1] Accordingly, the motion to strike (Doc. 10) is **GRANTED**.  The request for attorney's fees in the Complaint (Doc. 1-1) is **STRUCK**.

**DONE** and **ORDERED** in Orlando, Florida, on March 27, 2026.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record

---

[1] "Plaintiff's policy was issued after" Florida eliminated the statutory right to recover attorney's fees in an action arising under a residential property insurance policy. (Doc. 1-1 at 2, 6; Doc. 10 ¶ 7); *cf. Evanston Ins. Co. v. Sheet Metal Masters, Inc.*, No. 3:23cv5257, 2023 WL 9234590 (N.D. Fla. Dec. 26, 2023) (denying motion to strike request for attorney's fees in action arising under residential property insurance policy, stating that statutory elimination of attorney's fees did not apply retroactively to a policy that was issued before the statute changed).

2